UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER DRESSER          CIVIL ACTION

VERSUS                       NO. 08-2662

MEBA MEDICAL & BENEFITS PLAN SECTION "A" (3)

ORDER GRANTING DEFENDANT's MOTION
SEEKING A TEMPORARY STAY OF DISCOVERY

Before the Court is Defendant's Motion # 15, seeking a stay of discovery until ten (10) days after the district judge rules on its pending Motion to Dismiss, which is fully briefed. Plaintiff filed formal opposition arguing that the defendant has not met its burden pursuant to Rule 26( c ) and that the Court should deny defendant's motion. The defendant's motion essentially seeks an adjustment of the district judge's discovery schedule but was referred to the undersigned Magistrate Judge for determination. For the following reasons, MEBA Medical & Benefit Plan's motion for protective order #15 is GRANTED – that is, insofar as it seeks a brief stay of discovery pending the determination of its pending Motion to Dismiss.[1]

Plaintiff in this case, Christopher Dresser ("Dresser"), seeks coverage of fees incurred in connection with a collateral attack lawsuit and a declaration that the defendant, MEBA Medical &Benefit Plan ("MEBA") should cover his legal expenses in any future proceedings, *inter alia*. MEBA, a multi-employer funded Taft-Hartley health and welfare benefit plan regulated by ERISA, filed a Motion to Dismiss (Doc. #11) arguing that: (1) to the extent that Dresser seeks coverage of legal fees incurred in connection with his current Complaint for Judicial Review, the

---

[1]This case is presently set for trial on March 23, 2009 and the discovery deadline is February 4, 2009. [Doc. #20]. A temporary stay of discovery will not jeopardize the trial date in this matter.

1

action is moot; (2) to the extent that Dresser seeks coverage of fees incurred in connection with his collateral attack lawsuit, the action should be dismissed because plaintiff cannot establish that the Plan administrator's denial of benefits was legally incorrect and constituted an abuse of discretion; and (3) to the extent that Dresser seeks a declaration that the Plan should cover legal expenses in any as yet undefined future proceedings, the action must be dismissed for lack of ripeness because there is no present case or controversy and he has failed to exhaust his administrative remedies as required by the Employment Retirement Income Security Act ("ERISA"). [Doc. # 11].

  Dresser filed formal opposition to the Motion to Dismiss and a Certificate pursuant to Fed. Rule of Civ. P. 56(f) noting that: (1) defendant was served Interrogatories, Requests for Production and Requests for Admissions and the Plan's discovery responses are not due until two days before the noticed hearing; and (2) defendant's Rule 30(b)(6) deposition was noticed for August 1, 2008 (thirty-five days after the hearing date).  In his Rule 56(f) request discovery, plaintiff contends generally that he has good reason to believe that paper discovery and a 30(b)(6) deposition of the Plan will yield evidence justifying his opposition and evidence that the Plan administrator's interpretation of the Plan was incorrect, was internally inconsistent and not in good faith. [Doc. # 14].

  MEBA most recently filed its reply brief and the district judge has not yet ruled on either Dresser's request for a Rule 56(f) relief seeking to delay resolution of the motion to dismiss in advance of discovery or the motion to dismiss itself.  The matter was only recently deemed submitted for determination.  In the interim, MEBA filed its motion seeking a stay of discovery pending a determination of its dispositive motion to dismiss.  As aforestated, that motion for

protective order seeking a brief stay of discovery was referred to the undersigned.

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown," a district court is authorized to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26( c ). In its motion for protective order seeking to stay discovery pending disposition of the Motion to Dismiss and its Reply Brief addressed to the district judge, MEBA explained at length why the discovery sought was unnecessary; MEBA's position is that, if granted, its dispositive motion would preclude the need for the discovery altogether. Defendant correctly states that no discovery will be needed to resolve the motion to dismiss under Fed. R. Civ. P. 12(b)(6). Such motions are decided on the face of the complaint. MEBA also argues that the summary judgment motion can be decided as a matter of law on the basis of the undisputed facts already before the court and the administrative record.

The undersigned Magistrate Judge finds that MEBA has met its burden of showing, *prima facie*, why a protective order temporarily staying discovery is warranted. Indeed, in the event that it prevails on its pending Motion to Dismiss and the district judge agrees that Rule 56(f) discovery is not warranted,[2] deposition discovery commencing August 1, 2008, *inter alia*, would be unduly burdensome, expensive and for naught. Whether plaintiff's claims are dubious enough to be eliminated prior to discovery and whether plaintiff has identified any factual issues in need of *immediate* exploration are issues squarely addressed to the district judge in the context of the pending Motion to Dismiss, Plaintiff's Opposition/Rule 56(f) Affidavit and Defendant's Reply. This Court is not inclined to issue an advisory opinion on a dispositive motion addressed

---

[2]*See* Defendant's Reply in further Support of its Motion to Dismiss [Doc. #26].

to the district judge.

Under the circumstances presented, there can be no abuse of discretion in ordering a brief temporary stay of discovery pending the determination of the defendant's dispositive motion. Indeed, a plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is not unlimited and may be terminated when the record shows that the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law.[3] Defendant has advanced "good cause" under Rule 26 ( c ) and the unique posture of this case[4] makes a temporary stay practical.   In balancing the harm produced by such a temporary stay at the outset of this case (which is nil) against the *possibility* that the motion to dismiss will be granted and entirely eliminate the need for such discovery, this Court has determined that a temporary stay is appropriate.

Accordingly and for all of the above and foregoing reasons,

---

[3] *See Landry v. Air Line Pilots Assn'n Intern. AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (finding in an ERISA case that there was no abuse of discretion in an order staying discovery pending the resolution of dispositive motions); *Enplanar Inc. v. Marsh,* 25 F.3d 1043, 1994 WL 261088 (5th Cir. 1994) (unpublished) (holding that the district court did not abuse its discretion in declining to grant additional discovery pending the determination of the motion to dismiss); *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1030 (5th Cir. 1983) (noting that a district judge may exercise his discretion to prevent the plaintiff from burdening defendant with a needless round of discovery); *Aguirre v. Nueces County, Texas,* 217 Fed.Appx. 348, 2007 WL 486854 (5th Cir. 2007) (unpublished) (noting that a party "'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts'"); *Parish of Jefferson v. Louisiana Southern Recovery Management, Inc*., 1996 WL 144400 (E. D. La. Mar. 27, 1996) (Sear J.) (vacating the Magistrate Judge's order denying defendant's motion to stay discovery; citing *Petrus v. Bowen,* 833 F.2d 581, 582 (5th Cir. 1987) for the proposition "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined").

[4] This case is in its infancy and the motion to dismiss has been fully briefed and is submitted for determination.

IT IS ORDERED that the Defendant's Motion for Protective Order # 15 seeking a temporary stay of discovery pending the resolution of the motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that the July 16, 2008 hearing previously scheduled by the undersigned Magistrate Judge is hereby CANCELLED.

New Orleans, Louisiana, this 10th day of July, 2008.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**